UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRIC BURTON,

         Plaintiff,

v.

NIAGARA FRONTIER TRANSPORTATION AUTHORITY,

         Defendant.
_____

**REPORT AND RECOMMENDATION**

11-CV-00971(A)(M)

    This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [7].[1] Before me is the motion of defendant Niagara Frontier Transportation Authority ("NFTA") to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), and for "sanctions and/or attorneys' fees" [6].[2] For the following reasons, I recommend that the Complaint be dismissed, with prejudice, but that the motion otherwise be denied.

**BACKGROUND**

    This is plaintiff's third attempt to litigate the same set of facts relating to NFTA's termination of his employment in 2006. He alleges four causes of action against the NFTA: for breach of contract (Complaint [1], ¶¶23-25), for wrongful discharge (id., ¶¶26-27), for deprivation of procedural due process creating a right to relief under 42 U.S.C. §1983 (id., ¶¶1, 28-32), and for "extreme emotional distress and mental anguish"(id., ¶¶33-35).

    In 2008 plaintiff commenced an action in this court against the NFTA and others based on the same facts (Burton v. Niagara Frontier Transportation Authority, et al., 8-CV-

---

  [1]  Bracketed references are to CM-ECF docket entries.

  [2]  Although the NFTA initially requested oral argument (Notice of Motion [6], p. 2), it later waived that request. NFTA's Reply Memorandum of Law [18], p. 1.

0093(A)(M)). At that time he alleged causes of action for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e *et seq*.), the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. §§12111 *et seq*.), and the New York State Human Rights Law (N.Y. Executive Law Article 15). In that action, the NFTA moved to dismiss plaintiff's Title VII and ADA claims due to his failure to timely file suit within 90 days of his receipt of the EEOC's right-to-sue letter.[3] I recommended dismissal of these claims, as well as plaintiff's other federal law claims, with prejudice, and also recommended that plaintiff's state law claims be dismissed, without prejudice to maintenance in state court. 2008 WL 4107188 at *2-5. My Report and Recommendation was adopted by Judge Arcara, without objection. Id. at *1.

      Plaintiff thereafter commenced an action in State of New York Supreme Court, County of Erie against the NFTA and others, again based upon the same facts. In response to the NFTA's motion for dismissal, plaintiff moved for leave to amend his complaint to assert a claim against the NFTA pursuant to 42 U.S.C. §1983. Following the trial court's dismissal of his state law claims and denial of his motion for leave to amend, plaintiff appealed to the Appellate Division, Fourth Department, which affirmed the trial court's rulings as to the NFTA. Burton v. Matteliano, et al., 81 A.D.3d 1272 (4th Dept. 2011), rearg. denied, 83 A.D.3d 1603, lv. denied, 17 N.Y.3d 703 (2011). That court held that "the breach of contract and tort causes of action against NFTA are barred because plaintiff failed to file a notice of claim as required by Public Authorities Law §1299-p(1) and(2) . . . . Furthermore, the tort causes of action against NFTA are time-barred pursuant to section 1299-p(2)". 81 A.D.3d at 1275. It also affirmed the denial of plaintiff's cross-

---

      [3] "To be timely, actions for violations of Title VII [and] the ADA . . . must be filed within 90 days after receipt of a right to sue letter from the EEOC." Burton v. Niagara Frontier Transportation Authority, 2008 WL 4107188, *3 (W.D.N.Y. 2008) (Arcara, J./McCarthy, M.J.).

motion for leave to amend his complaint: "Although plaintiff, in opposition to NFTA's motion, sought to amend his complaint to add a cause of action against NFTA pursuant to 42 U.S.C. §1983, for which no notice of claim is required, we conclude that he is barred by the doctrine of res judicata from asserting such a cause of action inasmuch as the dismissal of his federal action constitutes an adjudication that the plaintiff has no federal claim". Id.

The NFTA now moves to dismiss this Complaint as being barred on *res judicata* grounds by the prior judgments of both this court and the state court (NFTA's Memorandum of Law [6], Point I) and, alternatively, for failure to state a claim under 42 U.S.C. §1983 (id., Point II).

## ANALYSIS

**A.** **Plaintiff's §1983 Claim**

As previously noted, plaintiff bases his §1983 claim upon the alleged denial of procedural due process leading to his termination. While admitting that "the instant claim for violation of procedural due process was raised in the New York State court" (Falzone Amended Affirmation [17], ¶9), plaintiff argues that "that fact, of itself, will not bar the claim from being raised in Federal court. This is so because the State court[']s determination was based upon an erroneous and improper belief " (id.); "[t]he Fourth Department erred" (id., ¶11); "the Fourth Department's decision conflicts with decisions of this Court, of the Second Circuit Court of Appeals and the United States Supreme [Court]" (id., ¶13); "the State Court[ ] erred in its ruling affirming the trial court's denial of his request to amend his complaint to add a cause of action against NFTA pursuant to 42 U.S.C. §1983" (id., ¶32).

However, I need not determine whether the Appellate Division erred in denying plaintiff leave to amend, since "[r]es judicata protects wrong decisions as fully as right ones". Friarton Estates Corp. v. City of New York, 681 F.2d 150, 158 (2d Cir. 1982). "This must be so, because if a court could review proceedings in a prior action to determine if error had occurred, judgments would have no finality and immortal litigation would overcome mortal man." 18 Moore's Federal Practice §131.30[1][b] (Third Ed.).

Plaintiff's arguments "were advanced not once but time and again at each of the three levels of the New York court system . . . . It is of no consequence whether . . . this court agrees or disagrees with the determinations of the New York courts on issues fully raised before and necessarily decided by them . . . . It is immaterial that the questions . . . are now asserted in an action under 42 U.S.C. 1983." Friarton Estates, 681 F.2d at 158. *See also* New York State National Organization for Women v. Terry, 159 F.3d 86, 96, n. 6 (2d Cir. 1998), cert. denied, 527 U.S. 1003 (1999) (the "res judicata consequences of a final . . . judgment are not altered by the fact that the judgment may have been wrong"); Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

Plaintiff's "appropriate course of action [was] to seek a direct review of the judgment rather than to bring a collateral attack." Waterman v. Transport Workers' Union Local 100, 8 F.Supp.2d 363, 368 (S.D.N.Y. 1998), aff'd, 176 F.3d 150 (2d Cir. 1999). Plaintiff did so, by seeking leave to appeal to the New York State Court of Appeals, and leave was denied. Falzone Amended Affirmation [17], ¶31. Therefore, since plaintiff has already been denied leave to amend his complaint to assert a claim under 42 U.S.C. §1983, he may not assert that claim in this action. *See* Northern Assurance Co. of America v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000) (holding

that where "plaintiff sought leave to amend to add additional claims against the same defendant in state court, [and] the court denied leave . . . claim preclusion applies to the claims sought to be added in the proposed amended complaint").

B.   **Plaintiff's State Law Claims**

The NFTA also moves to dismiss plaintiff's state law claims as being barred by res judicata. Gradl Affidavit [6], ¶4. Plaintiff does not address the dismissal of these claims, and "effectively concedes a defendant's arguments by his failure to respond to them". Felske v. Hirschmann, 2012 WL 716632, *3 (S.D.N.Y. 2012). In any event, those claims have clearly been dismissed. *See* Burton, 81 A.D.3d at 1275.

C.   **Rule 11 Sanctions**

The NFTA also seeks Rule 11 sanctions, arguing that "[t]here is no good faith basis for what is Plaintiff's third court action on the same transaction". NFTA's Memorandum of Law [6], p. 6. However, Rule 11(c)(2) requires that a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets".

This "safe-harbor provision is a strict procedural requirement". Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce, 682 F.3d 170, 175 (2d Cir. 2012). Since the NFTA has not complied with that requirement, I recommend that its request for Rule 11

sanctions be denied. *See* Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002) ("The district court's awarding of sanctions against Perpetual in contravention of the explicit procedural requirements of Rule 11 was . . . an abuse of discretion").

**CONCLUSION**

For these reasons, I recommend that the NFTA's motion [18] be granted to the extent of dismissing the Complaint with prejudice,[4] but that it otherwise be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 25, 2013 (applying the time frames set forth in Rules 6(a)(1)©, 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and © of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

---

[4] In view of my analysis, I need not address the NFTA's alternative argument that the Complaint fails to state a claim under 42 U.S.C. §1983.

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:   March 6, 2013

                                              /s/ Jeremiah J. McCarthy
                                             JEREMIAH J. MCCARTHY
                                             United States Magistrate Judge