UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IRIC BURTON,

                        Plaintiff,

       v.                                    DECISION AND ORDER
                                                        11-CV–00971

NIAGARA FRONTIER
TRANSPORTATION AUTHORITY,

                        Defendant.

---

## Introduction

This case involving a claim for deprivation of procedural due process under 42 U.S.C. §1983 ("Section 1983") as well as state law claims for breach of contract, wrongful discharge, and "extreme emotional distress and mental aguish" was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §636(b)(1).  Defendant made a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions and attorney's fees pursuant to Federal Rule of Civil Procedure 11(c).  (Dkt. No. 6)  On March 6, 2013, Magistrate Judge McCarthy issued a Report and Recommendation recommending that the complaint be dismissed with prejudice, but that defendant's motion for Rule 11 sanctions and attorney's fees be denied.  (Dkt. No. 19)

For the reasons set forth below, the Court adopts, in full, the Report and

Recommendation.

## Discussion

As the Magistrate Judge noted in his Report and Recommendation, the instant case represents plaintiff's third attempt to litigate a claim against defendant Niagara Frontier Transportation Authority ("NFTA" or "defendant") regarding the termination of his employment. In 2008, plaintiff filed an action, in this court, against defendant and others alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the New York State Human Rights Law. This Court dismissed plaintiff's Title VII and Americans with Disabilities Act claims, with prejudice, for failure to commence suit within 90 days of receipt of his right to sue letter.[1]  *Burton v. Niagara Frontier Transportation Authority, et al.*, 08-cv-93, 2008 WL 4107188 at *2-5 (WDNY 2008).

Thereafter, plaintiff commenced an action in State of New York Supreme Court, County of Erie against defendant and others, alleging a variety of state law claims again arising from the termination of his employment. With respect to NFTA, the state trial court dismissed plaintiff's state law claims for failure to file a notice of claim and untimeliness, and denied plaintiff's motion for leave to amend his complaint to add a Section 1983 claim. The trial court's ruling was affirmed by

---

[1] Plaintiff's state law claims were dismissed without prejudice to maintenance in state court.

the Appellate Division, Fourth Department, which concluded that plaintiff was barred from pursing a claim under Section 1983 by the doctrine of res judicata, because the 2008 dismissal of plaintiff's federal action "constitute[d] an adjudication that the plaintiff has no federal [c]laim." *Burton v. Matteliano, et al.*, 81 A.D.3d 1272 (4th Dept. 2011). Leave to appeal to the New York State Court of Appeals was denied. *Burton v. Matteliano*, 17 N.Y.3d 703 (2011).

Following the state court dismissal, Plaintiff commenced the instant federal court action alleging a violation of Section 1983 and various state law claims. (Dkt. No. 1) His claims arise from the termination of his employment by defendant and involve the very same facts and circumstances as his two prior lawsuits.

In moving to dismiss, defendant argues that plaintiff's claims are barred based upon the res judicata effects of both the prior federal and state court actions.[2] (Dkt. No. 6) In response, plaintiff argues that the doctrine of res judicata should not apply since the Fourth Department's denial of leave to amend to add a claim under Section 1983 was erroneous and based upon an "improper belief" that this Court's 2008 dismissal of plaintiff's discrimination claim for failure to timely file constituted a decision on the merits. (Dkt. No. 17) Magistrate Judge McCarthy recommends dismissing plaintiff's Section 1983 claim as well as his

---

[2] Defendant also argues that plaintiff fails to state a claim pursuant to Section 1983.

3

various state law claims on res judicata grounds, noting that "res judicata protects wrong decisions as fully as right ones." (Dkt. No. 19)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997). Plaintiff's objections do not address the Magistrate Judge's findings that plaintiff's state law claims are barred by the doctrine of res judicata. The Court finds no clear error as to Magistrate Judge McCarthy's findings with respect to plaintiff's state law causes of action, and those claims are to be dismissed.[3]

Plaintiff does specifically object to the Magistrate Judge's finding that his Section 1983 claim is barred by the doctrine of res judicata. Plaintiff's objections set forth substantially the same arguments raised in his opposition to the motion to dismiss, specifically, that res judicata does not apply since the decision by the Appellate Division, Fourth Department was erroneous. Plaintiff contends that the Fourth Department erred because this Court's 2008 dismissal of plaintiff's federal

---

[3] Likewise, defendant does not object to the Magistrate Judge's recommendation that its request for Rule 11 sanctions be denied. The Court finds that the Magistrate Judge's recommendation denying sanctions and attorney's fees was neither clearly erroneous nor contrary to law, and that portion of the Report and Recommendation will also be adopted.

claims for untimeliness was not a decision on the merits, and therefore it does not have claim preclusive effect.

A district court is required to make a *de novo* determination as to the aspects of the Report and Recommendation to which specific objections are made. 28 U.S.C. §636(b)(1)(C). Upon a *de novo* review, and after viewing the submissions of the parties, the Court hereby adopts Magistrate Judge McCarthy's recommendation that plaintiff's Section 1983 claims be dismissed based upon the doctrine of res judicata. While plaintiff continues to argue that his Section 1983 claim may go forward because the 2008 dismissal did not reach the merits of plaintiff's claim, this Court is in agreement with the Magistrate Judge that "res judicata protects wrong decisions as fully as right ones." *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 158 (2d. Cir. 1982).

Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in the prior action. *EDP Medical Computer Systems, Inc. v. U.S.*, 480 F.3d 621, 624 (2d. Cir. 2007). In order to determine whether the doctrine of res judicata precludes a party from asserting a claim in a subsequent litigation, courts inquire: (i) whether the previous action involved an adjudication on the merits; (ii) whether the previous action involved the same parties or those in privity with them; and (iii) whether the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Bey v. City of New York*, 2010 U.S.

Dist. LEXIS 99645 (SDNY 2010).  Res judicata, or claim preclusion, means that "even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d. Cir. 1999).

Each requirement of res judicata has been met in this case.  The state court action involved: (i) the same Section 1983 claim that plaintiff alleges here; (ii) the very same parties; and (iii) the same transaction or occurrence at issue in this case, namely, plaintiff's termination from employment by defendant.  Moreover, the state court denial of leave to amend constitutes an adjudication on the merits.  *See Northern Assurance Company of American v. Square D. Company*, 201 F.3d 84 (2d Cir. 2000) ("Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate."); *Sullivan v. Land*, 647 F.Supp. 2d 143 (Dist. CT 2009) (finding that res judicata precluded claims that plaintiff had asserted in a previous federal lawsuit where "some were dismissed at the motion to dismiss stage, others on a motion for summary judgment, and still others were preemptively denied on motions to amend the complaint or to join new defendants, [because] the stage of dismissal is irrelevant").

Plaintiff incorrectly asserts that res judicata does not apply because the Fourth Department's decision was erroneous or based upon an "improper belief." It is well established that the res judicata effect of a final judgment on the merits is

not altered by the fact that the prior decision may have been wrong. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Archie Comic Publ'ns Inc. v. DeCarlo*, 258 F. Supp. 2d 315, 327 (SDNY 2003) ("res judicata and collateral estoppel apply even in the face of a claim that the prior judgment was erroneous"); *Insurance Co. of Pa. v. HSBC Bank USA*, 10 N.Y.3d 32, 40 n.4, (2008) ("[A]ll legal conclusions—whether erroneous or correct—are treated identically for purposes of res judicata.")

The New York State Court of Appeals denied plaintiff leave to appeal from the Fourth Department's determination. Thereafter, plaintiff's available remedy for the dismissal of his Section 1983 claim was a petition for certiorari directed to the Supreme Court of the United States, not attempting to assert the same claim before this Court.[4]  *Brown v. Warden Sidney Head*, 2004 U.S. Dist. LEXIS 250060 (SDNY 2004) ("A direct appeal of the decision in that case is the only available means by which a party may challenge the validity of a prior legal determination...[a] litigant cannot collaterally attack a decision, decided adversely to him or her, simply by bringing a subsequent action alleging the same cause of action.")

The Court also rejects plaintiff's argument that unfairness would result if the doctrine of res judicata were to be applied. Plaintiff has had not one but two

---

[4] On certiorari, the United States Supreme Court has jurisdiction to review a state court decision where that decision fairly appears to rest primarily on federal law, or to be interwoven with federal law. *Arizona v. Evans*, 514 US 1 (1995).

opportunities to litigate any claims he may have had arising from the termination of his employment, first during his 2008 lawsuit filed with this Court and second during his lawsuit in New York state court.  Indeed, the instant lawsuit represents plaintiff's third "bite at the apple".  The purpose of the claim preclusion doctrine is to prevent parties from relitigating issues that were or could have been raised in a prior action.  Indeed, plaintiff could have raised a Section 1983 claim in his prior federal lawsuit, and did raise a Section 1983 claim in his state lawsuit.  Given plaintiff's prior opportunities and considering the fundamental purpose of the rules of claim preclusion, the Court finds that unfairness will not result from the application of res judicata to the facts at hand.

## Conclusion

For the foregoing reasons and for the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, defendant's motion to dismiss the complaint with prejudice is granted and defendant's request for sanctions and attorney's fees is denied.  The Clerk of the Court is instructed to close the case.


         SO ORDERED.



                                        *s/ Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE

DATED: July 8, 2013